## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HARRY G. BODEN,

        Plaintiff,

v.                                                        CIV 99-897 KBM

CITY OF CLOVIS, ROGER BENNETT,
individually, and DAVID LANSFORD,
individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss State Law Claims *(Doc. 19)*. Pursuant to the parties' consent, I am serving as the presiding judge in this matter. Having considered the motion, the memoranda submitted by the parties and the relevant authorities, I find that the motion is well taken and will be granted.

### A. Factual Allegations

Plaintiff Boden contracted to work as the Chief of Police for the City of Clovis from July 1, 1997 to June 30, 1999. Defendant Bennett (the City Manager) ordered Plaintiff to reduce the size of the police force over several months, a course which Plaintiff believed to be unwise. Plaintiff made known his concerns in a June 1, 1999 written memorandum to Bennett and in conversations with various City Commissioners.

On June 4, 1999, Defendant Mayor Lansford ordered City Manager Bennett to fire

1

Plaintiff. At an executive session held that day, Defendant Bennett announced that he intended to terminate Plaintiff. Throughout the months of June and July, however, Plaintiff continued in his position of Police Chief. Plaintiff contends that he was subjected to various adverse employment decisions and other retaliatory actions during this period.

On August 2, 1999, Plaintiff told the City Manager that he felt that he was being "constructively discharged" for having exercised his First Amendment rights, and that he would address these issues before the City Council at its next regularly scheduled meeting. At ten o'clock that evening, Defendant Bennett had a letter delivered to Plaintiff's home indicating that Plaintiff had "resigned" and that Plaintiff would receive administrative leave pay until August 6, 1999. This letter was allegedly distributed to the media in an effort to humiliate Plaintiff.

### B. The Motion to Dismiss State Law Claims

Plaintiff's original complaint alleged only violation of civil rights pursuant to 42 U.S.C. § 1983. In his amended complaint filed September 3, 1999, Plaintiff added state law claims for breach of contract against the City, and interference with contractual relations and prima facie tort claims against the individual defendants. For the reasons set forth below, the Court must dismiss the state law claims with prejudice for failure to state claims upon which relief can be granted. *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553 (10th Cir. 1999).

### C. Discussion

*1. New Mexico has not waived sovereign immunity for the tort claims of interference with contractual relations and prima facie tort against public employees*

New Mexico retains sovereign immunity for governmental entities and employees except in specific instances where it has waived immunity under the Tort Claims Act ("NMTCA"). *See* N.M. Stat. Ann. § 41-4-4(A). Thus, where no specific waiver of immunity exists in the NMTCA,

2

the court must dismiss a complaint as to a governmental defendant. *Permberton v. Cordova*, 105 N.M. 476, 478 (Ct. App. 1987).

Plaintiff contends that the NMTCA does not apply because he is asserting claims for interference with contractual relations and for prima facie tort against individual defendants and not against the City. It s clear, however, that the sovereign immunity provisions of the act apply not only to governmental entities but also to "any public employee acting within the scope of duty." N.M. Stat. Ann. § 41-4-4(A).

The term "scope of duties" means "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G); *see also Candelaria v. Robinson*, 93 N.M. 786, 790 (Ct. App. 1980). There is no dispute that Bennett, as the city manager, had the authority to hire and fire, and the firing of Plaintiff was therefore within the scope of his duties. Furthermore, as the Mayor of Clovis, Lansford certainly acted within the scope of his duties in expressing his wishes concerning Plaintiff's continued employment as the City's police chief. The actions of Defendants Lansford and Bennett clearly occurred in the scope of their duties as employees of the City of Clovis. Neither interference with contractual relations nor prima facie tort are exceptions for which New Mexico has waived immunity for public employees. *See* §§41-4-5 through 41-4-12; *see also Kampa v. City of Albuquerque*, No. CIV-96-1572 LFG/ DJS, slip op. at 3 (D. N. M. Feb. 20, 1997) and *Silva v. Town of Springer*, 121 N.M. 428, 434, 912 P.2d 304, 310 (Ct. App. 1996). Accordingly, Plaintiff's claims for interference with contractual relations and for prima facie tort will be dismissed with prejudice.

## 2. The Breach of Contract Claim as Alleged is Not Viable

Plaintiff's written contract with the City of Clovis expressly defined the term of employment to begin on July 1, 1997 and end on June 30, 1999. Plaintiff asserts in his opposition brief that "a breach of contract occurred ***on June 4, 1999 when the City manager fired the Plaintiff*** without any reason or documentation." *Plaintiff's Brief at 2 (emphasis added).*

Yet this assertion is not made in the Amended Complaint. To the contrary, although Defendant Bennett allegedly indicated at the June 4th Executive Session that he "was going to fire" Plaintiff, the factual allegations state that Plaintiff remained employed as Chief of Police with the City for more than a month after his contract expired by its own terms. In this case, there is simply no set of facts discernible in the pleadings to show that the City breached the employment contract with Plaintiff while it was in force. Moreover, the City of Clovis had no obligation to contract again with Plaintiff or even to negotiate with him about renewing the contract. The Court will therefore dismiss Plaintiff's claim for breach of contract.

Wherefore,

**IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss Plaintiff's State Law Claims *(Doc. 19)* is well taken and will be **granted.** Counts II, III and IV of Plaintiff's Amended Complaint *(Doc. 2)* are hereby dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:	Eric D. Dixon
	Portales, New Mexico

Counsel for Defendants:	Ronald J. Childress and Elaine R. Dailey
	KLECAN & CHILDRESS
	Albuquerque, New Mexico